UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGERS A. NWABUE,

                Plaintiff,                 **DECISION AND ORDER**

      v.

                                        09-CV-1092S

BARAA ALLAF, et al.,

                Defendants.

---

    1.    By Decision and Order dated November 4, 2011 and filed November 7, 2011, this Court denied Plaintiff's "Motion to Opt Out of ADR."  Plaintiff, appearing *pro se* in this consolidated action, now files "Plaintiff's Objection To The Order Denying Motion To Op-Out (sic) of ADR."   Plaintiff asserts that this application is "pursuant to FRCP Rules 59 and 60," and the Court will construe the submission as a motion for reconsideration under Rule 7(d)(3) of the District's Local Rules of Civil Procedure ("Local Rules"), as well.

    2.    Rule 59(a)-(d) of the Federal Rules of Civil Procedure ("FRCP") addresses grounds and procedures for a new trial.  FRCP Rule 59(e) more generally applies to motions to alter or amend a judgment.  Consequently, FRCP Rule 59 has no application here.

    3.    Local Rule 7(d)(3) provides that a motion for reconsideration or reargument, "unless governed by Federal Rule of Civil Procedure 60, shall be treated as falling

within the scope of Federal Rule 59(e)."  Given that FRCP Rule 59(e) is inapplicable, and that FRCP 60 is entitled and addresses "Relief from a Judgment or Order", I find that Plaintiff's motion for reconsideration is governed by FRCP Rule 60.

    4.   The portions of Rule 60 upon which Plaintiff must rely are those grounds which would be based upon mistake or inadvertence [subdivision (b)(1)] or "any other reason that justifies relief" [subdivision (b)(6)].  The grounds offered by Plaintiff here do not satisfy any of those criteria or standards for relief.

    5.   Plaintiff's assertions in Paragraphs 1 and 2 of his motion are that "A Party's participation in ADR is voluntary" and that "ADR would be a waste of time if the outcome would not be acceptable to one or both Parties."  Aside from the conclusory nature of those contentions, this District's Alternative Dispute Resolution Plan ("ADR Plan") provides for automatic referral to mediation and is, therefore, not voluntary.  And, given that the referral is to mediation, which is not binding but is a process where settlement would be the product of agreement between and among parties, the concept that the outcome "would not be acceptable to one or both Parties[.]" does not apply.

    6.   Plaintiff asserts in his Paragraph 3 that he has shown "very 'good cause'" for opting out of ADR.  That assertion was made in his prior motion, was rejected by this Court in its Decision and Order, is again conclusory here, and adds nothing which can be considered by the Court in a motion for reconsideration.

    7.   Plaintiff in his Paragraph 4 asserts that there are "Institutions and Organizations" which would be in some manner impacted by this litigation, a statement which itself is conclusory and unsupported, and further shows no connection between that contention

and how it constitutes good cause for avoiding mediation.  Furthermore, Plaintiff made this same unsupported assertion in his prior motion to opt out of ADR and this Court has heretofore rejected it.  This restatement of a point already rejected does not warrant consideration in a motion for reconsideration.

8.   Plaintiff's final contention, presented in his Paragraph 5, asserts that "A Default had been entered against all the Defendants in this action, and it has not been vacated."  This, too, is a repetition of a purported reason presented for opting out in Plaintiff's original motion and, therefore, presents nothing new.  And this Court, in its Decision and Order filed November 7, 2011, found that Plaintiff's motions for default judgment had theretofore been denied and that his appeal of that denial was dismissed by the Second Circuit Court of Appeals.  Plaintiff's statement that default judgments have been entered against all defendants is incorrect.

9.   A showing of "exceptional circumstances" is required for the "extraordinary judicial relief" of reconsideration and relief from a prior Order of the Court.  <u>Nemaizer vs. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986).   Plaintiff has failed to meet that standard.

10.   While the Court gives due consideration to the burdens upon a party appearing and litigating *pro se,* and makes reasonable accommodations for such circumstances, the Court observes that Plaintiff has made numerous motions in this case, which is itself a consolidation of six cases arising out of the same events.  Finding that this motion for reconsideration was thinly crafted and could be viewed as frivolous, and therefore a drain on the resources of the Court, Plaintiff is advised of the provisions

of ADR Plan Section 2.3 concerning sanctions for failure to participate in the ADR process in good faith, of FRCP Rule 11 concerning sanctions in connection with motions and other representations to the Court, and of Local Rule 5.2(l) concerning the requirement for *pro se* litigants to comply with Court rules.

IT IS HEREBY ORDERED that Plaintiff's "Objection" to this Court's prior Order denying his motion to opt out of ADR, viewed here as a motion for reconsideration, is DENIED.

SO ORDERED.

Dated: December 9, 2011
       Buffalo, New York

\s\ William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court