UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGERS A. NWABUE,

        Plaintiff,

v.

BARAA ALLAF, *et al.*,

        Defendants.

**DECISION AND ORDER**
09-CV-1092S

1.    *Pro se* Plaintiff, Rogers Nwabue, alleges that several defendants, all of whom were apparently administrators, professors, and/or physicians affiliated with the State University at Buffalo Medical School ("UB") or University Medical Resident Services, P.C., made defamatory statements that were "intended to impeach [his] 27 years professional reputation [sic], integrity and virtue as a physician."[1] (Compl.; Docket No. 1.) Presently before this Court is Defendants Armand Arroyo, Amy Bumbaco, Alice Caster, Lata Santhakumar, and Dennis Weppner's motion for summary judgment. Further, Nwabue has filed a motion to vacate a previous Decision and Order of this Court and a motion for default judgment against four of the above-named Defendants. For the following reasons, Defendants' motion is granted and Nwabue's motions are denied.

2.    Initially, Nwabue filed six separate actions in this Court, each asserting defamation claims against various UB defendants. By Order dated September 9, 2010, this Court consolidated those actions and, under the liberal *pro se* standard, interpreted his

---

[1] This Court acknowledges that it must liberally construe Plaintiff's pleadings and interpret his submissions to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006).

claim as one alleging that the alleged defamation produced a "stigma plus," which is actionable under the Fourteenth Amendment's Due Process Clause. (Docket No. 3.)

"[D]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." Seigart v. Gilley, 500 U.S. 226, 233, 111 S. Ct. 1789, 114 L. Ed. 2d 277 (1991). To implicate the Constitution, the Second Circuit requires "some 'stigma plus' be established before a mere defamation will rise to the level of a constitutional deprivation." Martz v. Inc.Vill. of Valley Stream, 20 2F. 3d 26, 31 (2d Cir. 1994).

Stigma-plus claims involve an "injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus)." DiBlasio v.Novello, 344 F.3d 292, 302 (2d Cir. 2003). This Court construed Nwabue's complaint to raise this type of claim, the strongest one it suggested. (See Consolidation Order; Docket No. 3)

3.  To sustain a "stigma-plus" claim, a plaintiff must show that defendants made (1) a defamatory statement, resulting in (2) "some tangible and material state-imposed burden in addition to the stigmatizing statement," like the loss of employment, and (3) a lack of process adequate to justify the state's action. See Velez v. Levy, 401 F.3d 75, 87-88 (2d Cir. 2005) (internal quotation marks and ellipsis omitted).

In ascertaining whether a complaint alleges the deprivation of a stigma-plus liberty interest, the "stigma" and "plus" must be "sufficiently proximate." Id. at 89. "This requirement will be satisfied where (1) the stigma and plus would, to a reasonable observer, appear connected—for example, due to their order of occurrence, or their origin—and (2) the actor imposing the plus adopted (explicitly or implicitly) those statements in doing so." Id. (internal citations omitted).

4.  On May 22, 2012, this Court granted Defendants Baraa Allaf and Sara

Poynter-Gerhards' motion for summary judgment. It further denied Nwabue's cross-motions for "default and/or summary judgment plus injunctive relief" against both Allaf and Poynter-Gerhards. (Docket No. 121.)

At that time, this Court noted that Defendants Armand Arroyo, Amy Bumbaco, Alice Caster, Lata Santhakumar, and Dennis Weppner did not move for summary judgment but submitted an affidavit explaining that they believed that Allaf and Poynter-Gerhards' motion applied "with equal force" to them. Considering Nwabue *pro se* status, however, this Court declined to enter *sua sponte* summary judgment in favor of the non-moving Defendants.

On June 1, 2012 Arroyo, Bumbaco, Caster, Santhakumar, and Weppner jointly moved for summary judgment.

5.      In its May 22, 2012 Decision, this Court, although dubious that the alleged defamatory statements rose to the necessary level to demonstrate stigmatization, found that even assuming stigmatization, Nwabue's claim still must fail because the evidence demonstrates that he was released due to his failure to "comply with the required terms of his probation." (Decision and Order, at ¶ 11.) This Court went on, "[T]here is no evidence that . . . defendants had the authority to release Nwabue or that those who did have the authority simply adopted the viewpoints of the moving defendants. Instead, Dr. Yeh terminated Nwabue for his repeated failure to comply with his remediation plan." (Id. at ¶ 12.) As such, this Court found that the alleged defamation and the claimed resulting stigma were not "sufficiently proximate." Simply put, he was released because of his inadequate performance, not the alleged defamatory statements.

That was not all. This Court further found that Nwabue's claim must fail because sufficient process was made available to him, thus defeating the third-prong of his claim.

See Levy, 401 F.3d at 87-88. It found that Nwabue "had the protections of two hearings: the 'Level II' hearing before he was terminated and a 'Level III' hearing, which he could have invoked after his release. In the former he was permitted to cross-examine witnesses, call witnesses, and make opening and closing statements before an impartial panel. Similar procedures are followed in the latter proceeding." (Id. at 15) (citing UB Grievance Procedures Policy, attached as "Ex. O" to Def.'s Stmnt.; Docket No. 97-19.) This Court concluded: "[t]his quasi-judicial proceeding more than satisfies the Constitution's due process mandate. Id. (citing Mathews v. Eldridge, 424 U.S. 319, 334, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976); Segal v. City of N.Y., 459 F.3d 207, 216 (2d Cir.2006); Anemone v. Metro. Transp. Auth., 629 F.3d 97, 121 (2d Cir. 2011) (availability of adequate hearing defeats stigma-plus claim even if plaintiff failed to pursue it)).

Nwabue has offered no evidence or persuasive reasoning why these findings should not apply equally to the remaining defendants. Instead, in responding to the current motion, Nwabue makes frivolous, often incoherent legal argument. For example, Nwabue leads with an argument that Kim S. Murphy, Defendants' attorney, is incompetent to "make a declaration, affirmation or affidavit on behalf of the Defendants." (Response to Summary Judgment, ¶ 1; Docket No. 130.) Nwabue then goes on to make his now-tired argument —rejected numerous times by this Court—that Defendants have failed to appear in this action. He further accuses Kim Murphy of "falsifying and mutilating" documents (id. at ¶ 4)—a bare accusation for which he supplies no factual underpinning.

6. Thus, for the reasons discussed in the May 22, 2012 Decision and because Nwabue has failed to offer evidence that he sustained a "stigma-plus" violation, the moving defendants' motion for summary judgment is granted.

7.   Lastly, this Court must address Nwabue's pending motions, in which he seeks (1) to "vacate" this Court's previous Decision and Order and (2) default judgment against four of the remaining defendants. Nwabue has already been warned that his pension for filing "thinly-crafted," potentially "frivolous" motions could warrant sanction. (See Order dated 12/9/11 at ¶ 10; Docket No. 99.) These motions are no exception. First, this Court has already ruled on his motion for default. (See Docket Nos. 67, 121 at n. 5.) Indeed, this is now at least the third time he made a motion seeking default. Accordingly, this Decision serves as Nwabue's final warning: continued motions of this nature will result in sanction, which may take the form of "an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Finally, Nwabue's motion to vacate this Court's May 22, 2012 Decision, construed as a motion for reconsideration under Fed. R. Civ. P. 59(e), lacks merit. A motion for reconsideration is appropriate under Rule 59(e) when the moving party believes that the court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration, however, is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. See United States v. Gross, No. 98–CR–0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Instead, reconsideration will only be granted if a court fails to evaluate decisions or data that might reasonably be expected to

alter the conclusion reached by the court. See Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

Nwabue does not meet this strict standard. His motion lacks any foundation in law or fact and certainly points to no overlooked matters, decisions, or data that could conceivably alter this Court's decision; it warrants no further discussion and is denied.

\* \* \*

IT HEREBY IS ORDERED, that Defendants Armand Arroyo, Amy Bumbaco, Alice Caster, Lata Santhakumar, and Dennis Weppner's Motion for Summary Judgment (Docket No. 123) is GRANTED.

FURTHER, that Nwabue's "Objection and Motion to Vacate" (Docket No. 128) is DENIED.

FURTHER, that Nwabue's Motions for Default Judgment and Injunctive Relief (Docket Nos. 131, 132, 133, 134) are DENIED.

FURTHER, that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   July 26, 2012
         Buffalo, New York

                                              /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                              Chief Judge
                                              United States District Court